IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil No. 3:06-cv-00697-DPJ-JCS |
| | ) |
| HENRY FIELDS, et al. | ) |
| | ) |
| Defendants. | ) |

## **ORDER OF SALE**

A final judgment has been entered by this Court in the above-entitled action, ordering that the plaintiff's federal tax liens be foreclosed and that the entire subject real property, together with all improvements thereon and appurtenances thereto, and more particularly described below, be sold pursuant to 28 U.S.C. § 2001:

> Commence at the northeast corner of Section 23, Township 3 North, Range 1 West, Hinds County, Mississippi and run thence South 89 degrees 57 minutes 39 seconds West along the north line of section 23 for a distance of 861.27 feet to the POINT OF BEGINNING: Continue thence South 89 degrees 57 minutes 39 seconds West along said north line of section 23 for distance of 393.84 feet to a point; Run thence South for a distance of 233.38 feet to a point; Run thence North 89 degrees 57 minutes 39 seconds East for a distance of 390.64 feet to a point on the west line of that certain parcel of land conveyed to Florece Fields by deed recorded in the Office of the Chancery Clerk of Hinds County, Mississippi and recorded in deed book 3496 at page 4, reference to which is hereby made in aid of and as a part of this description; Run thence North 01 degrees 02 minutes 52 seconds East along said west line of that certain parcel as described in deed book 3496 at page 4, for a distance of 174.87 feet to a found iron pin at the northeast corner of said parcel; Run thence North for a distance of 48.55 feet to the POINT OF BEGINNING.
>
> The above described parcel of land situated in the Northeast Quarter of the Northeast Quarter of Section 23, Township 3 North, Range 1 West, Hinds County, Mississippi and contains 2.00 acres, more or less.

Accordingly, it is hereby **ORDERED** as follows:

1.	The Internal Revenue Service Property Appraisal and Liquidation Specialist is authorized and directed to sell the entire real property described above, together with any improvements, buildings and appurtenances thereon and thereunto pertaining, at public auction, in accordance with 28 U.S.C., §§ 2001 and 2002, subject to certain other rights as set forth in this Order.

2.	The sale by public auction shall be held at the courthouse in Hinds County, Mississippi, or on the property's premises.

3.	After the IRS Property Appraisal and Liquidation Specialist has determined the date and time for the sale, he or she shall insert the same in the Notice of Sale of Real Property attached hereto, and shall promptly mail a copy of said Notice of Sale to each of the following:

| | |
|---|---|
| Mr. Henry Fields<br>P.O. Box 710<br>Terry, Mississippi 39170 | Mr. Tony Fields, Jr.<br>1730 Rosemary Road<br>Terry, Mississippi 39170 |
| Ms. Cynthia Fields<br>P.O. Box 710<br>Terry, Mississippi 39170 | Ms. Gennie Jefferson<br>1311 Old Pearson Road<br>Florence, Mississippi 39073 |
| Mr. Eric Fields<br>P.O. Box 710<br>Terry, Mississippi 39170 | Mr. Thomas Easley<br>1730 Rosemary Road<br>Terry, Mississippi 39170 |
| Ms. Florece Fields<br>1730 Rosemary Road<br>Terry, Mississippi 39170 | Century Metal Corporation<br>102 Interstate Drive<br>Ridgeland, Mississippi 39218 |
| Ms. Bobbie McClain<br>P.O. Box 38<br>Terry, Mississippi 39170 | Mr. Reginald Funchess<br>P.O. Box 623<br>Terry, Mississippi 39170 |

| | |
|---|---|
| Ms. Angela Fields<br>1730 Rosemary Road<br>Terry, Mississippi 39170 | Alan C. Christian, Esquire<br>P.O. Box 1988<br>Mobile, Alabama 36633 |
| Laura M. Conner<br>Trial Attorney, Tax Division<br>U.S. Department of Justice<br>P.O. Box 14198<br>Ben Franklin Station<br>Washington, D.C. 20044 | Pshon Barrett, Esquire<br>Assistant United States Attorney<br>Southern District of Mississippi<br>188 E. Capitol Street, Suite 500<br>Jackson, Mississippi  39201 |

4.	The date and time of the sale shall also be announced by the IRS Property Appraisal and Liquidation Specialist by advertising the attached Notice of Sale once each week for at least four consecutive weeks preceding the date fixed for the sale in at least one newspaper of general circulation in Hinds County, Mississippi, and by any other notice that the IRS Property Appraisal and Liquidation Specialist may in his or her discretion deem appropriate.

5.	The subject property shall be sold free and clear of all liens or other claims of any party to this proceeding.

6.	The successful bidder shall be required to deposit with the IRS Property Appraisal and Liquidation Specialist a minimum of ten percent (10%) of the amount bid on the date of the sale, either by certified check payable to the United States District Court for the Southern District of Mississippi or by cash deposit.  Before being permitted to bid at the sale, bidders shall display to the IRS Property Appraisal and Liquidation Specialist proof that they are able to comply with this requirement.  No bids will be received from any person(s) who have not presented proof that, if they are the successful bidders, they can make the deposit required by this order of sale.

7.	The balance of the purchase price shall be tendered to the IRS Property Appraisal and Liquidation Specialist by the successful bidder within thirty days following the date of the

sale.  Payment shall be made by certified check payable to the United States District Court for the Southern District of Mississippi.  If the purchaser fails to fulfill this requirement, the deposit shall be forfeited and applied to the expenses of sale, and the subject property shall be re-offered for sale in the same manner as provided for in the initial sale.

        8.       Until the property is sold, the defendants Henry Fields, Cynthia Fields, and Eric Fields, and any other occupants of the property, are ordered to take all reasonable steps necessary to preserve the property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance police on the property.  None of the defendants to this action shall commit waste against the property or cause or permit anyone else to do so.  The defendants shall neither do anything that tends to reduce the value or marketability of the property nor cause or permit anyone else to do so.  The defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

        9.       The defendants Henry Fields, Cynthia Fields, and Eric Fields, and any other occupants of the property, shall, within ninety days of the date of this Order, in good order with all fixtures and appurtenances thereto, deliver up to the IRS Property Appraisal and Liquidation Specialist, the subject property, including keys to the premises, suitably labeled.  Within those same ninety days, all persons occupying the property also shall leave and vacate the property permanently, each taking his or her personal property (but leaving all improvements, buildings,

fixtures, and appurtenances to the property). If any person fails or refuses to leave and vacate the property by the time specified in this Order, the IRS Property Appraisal and Liquidation Specialist is authorized to coordinate with the United States Marshal and his deputies to take all actions that are reasonably necessary to bring about the ejectment of those persons. If any person fails or refuses to remove his or her personal property thereafter, it is deemed forfeited and abandoned, and the IRS Property Appraisal and Liquidation Specialist is authorized to remove it and to dispose of it in any manner he or she sees fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution. No person receiving notice of the entry of this Order shall take any steps to demean, impair or destroy the value of these premises, including the improvements thereon, and no actions shall be taken to impede the IRS Property Appraisal and Liquidation Specialist in the execution of his or her duties, except pursuant to order of this Court.

10. Pending the sale of the subject property, the IRS Property Appraisal and Liquidation Specialist shall have free access to the property and shall take all actions appropriate to preserve said property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed thereof is delivered to the successful purchaser.

11. The sale shall be subject to confirmation by this Court, and upon confirmation and receipt of the full purchase price of such sale, the IRS Property Appraisal and Liquidation Specialist shall execute and deliver his or her deed, conveying the property to the successful purchaser.

12. The IRS Property Appraisal and Liquidation Specialist shall remit the entirety of the sales proceeds to the Clerk of the Court with a statement of the amount of the expenses of the sale, including any unpaid ad valorem taxes.

13. Upon the sale of the property, the respective liens and claims of the parties shall attach to the proceeds of sale in the same order of priority as the liens attached to the property, except that the costs of sale will be paid first out of the sale proceeds, followed by any taxes unpaid and matured that are owed to Hinds County for real property taxes on the property.

14. Within thirty days after the Clerk gives notice to the parties that he has received the funds from the IRS Property Appraisal and Liquidation Specialist, each party claiming an interest in said proceeds shall certify to the Court and to every other party the amount of its claim.

15. The proceeds of the sale will thereafter be distributed from the registry of the Court in accordance with a separate order of the Court.

IT IS FURTHER ORDERED that the Clerk shall immediately mail a copy of this order to all counsel of record and pro se parties herein, and counsel for the United States shall deliver a copy to the IRS Property Appraisal and Liquidation Specialist.

**SO ORDERED AND ADJUDGED** this the 1th day of April, 2009.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

Prepared by:

/s/ Laura M. Conner
Laura M. Conner
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
Telephone: (202) 514-6438
Fax: (202) 514-9868
E-mail: laura.m.conner@usdoj.gov
Virginia Bar No. 40388

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 3:06-cv-00697-DPJ-JCS |
| | ) |
| HENRY FIELDS, et al. | ) |
| | ) |
| Defendants. | ) |

**NOTICE OF SALE OF REAL PROPERTY**

Pursuant to the Order of Sale of the United States District Court for the Southern District of Mississippi, filed with the Clerk of said Court on the _____ day of _____, 2009, in the cause entitled United States of America v. Henry Fields, et al., Civil Action No. 3:06-cv-00697-DPJ-JCS, the undersigned Internal Revenue Service Property Appraisal and Liquidation Specialist will sell at the time of _____ on the _____ day of _____, 2009, at public sale to the highest bidder at _____, the property directed therein to be sold, together with all improvements thereon and appurtenances thereto, located in Hinds County, Mississippi, and described as follows:

>   Commence at the northeast corner of Section 23, Township 3 North, Range 1 West, Hinds County, Mississippi and run thence South 89 degrees 57 minutes 39 seconds West along the north line of section 23 for a distance of 861.27 feet to the POINT OF BEGINNING: Continue thence South 89 degrees 57 minutes 39 seconds West along said north line of section 23 for distance of 393.84 feet to a point; Run thence South for a distance of 233.38 feet to a point; Run thence North 89 degrees 57 minutes 39 seconds East for a distance of 390.64 feet to a point on the west line of that certain parcel of land conveyed to Florece Fields by deed recorded in the Office of the Chancery Clerk of Hinds County, Mississippi and recorded in deed book 3496 at page 4, reference to which is hereby made in

aid of and as a part of this description; Run thence North 01 degrees 02 minutes 52 seconds East along said west line of that certain parcel as described in deed book 3496 at page 4, for a distance of 174.87 feet to a found iron pin at the northeast corner of said parcel; Run thence North for a distance of 48.55 feet to the POINT OF BEGINNING.

The above described parcel of land situated in the Northeast Quarter of the Northeast Quarter of Section 23, Township 3 North, Range 1 West, Hinds County, Mississippi and contains 2.00 acres, more or less.

The property shall be sold upon the following terms and conditions:

1. All of the property shall be sold free and clear of all liens and/or other claims of any party to this proceeding.

2. The successful bidder shall be required to deposit a minimum of ten percent (10%) of the amount bid on the date of the sale, either by certified check payable to the United States District Court for the Southern District of Mississippi or by cash deposit. Before being permitted to bid at the sale, bidders shall display to the IRS Property Appraisal and Liquidation Specialist proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidders, they can make the deposit required by this order of sale.

3. The balance of the purchase price shall be tendered to the IRS Property Appraisal and Liquidation Specialist by the successful bidder within thirty (30) days following the date of the sale. Payment shall be made by certified check payable to the United States District Court for the Southern District of Mississippi. If the purchaser fails to fulfill this requirement, the deposit shall be forfeited and applied to the expenses of sale, and the subject property shall be re-offered for sale in the same manner as provided for in the initial sale.

4.  The sale shall be subject to confirmation by the United States District Court for the Southern District of Mississippi, and upon confirmation and receipt of the full purchase price of the sale, the IRS Property Appraisal and Liquidation Specialist shall execute and deliver his or her deed, conveying the property to the successful purchaser.

_____
INTERNAL REVENUE SERVICE
PROPERTY APPRAISAL AND
LIQUIDATION SPECIALIST

# **CERTIFICATE OF SERVICE**

I certify that, on March 13, 2009, I served copies of the foregoing proposed Order of Sale, including proposed Notice of Sale, upon the following by depositing copies with the United States Postal Service:

| | |
|---|---|
| Mr. Henry Fields<br>P.O. Box 710<br>Terry, Mississippi 39170 | Mr. Tony Fields, Jr.<br>1730 Rosemary Road<br>Terry, Mississippi 39170 |
| Ms. Cynthia Fields<br>P.O. Box 710<br>Terry, Mississippi 39170 | Ms. Gennie Jefferson<br>1311 Old Pearson Road<br>Florence, Mississippi 39073 |
| Mr. Eric Fields<br>P.O. Box 710<br>Terry, Mississippi 39170 | Mr. Thomas Easley<br>1730 Rosemary Road<br>Terry, Mississippi 39170 |
| Ms. Florece Fields<br>1730 Rosemary Road<br>Terry, Mississippi 39170 | Century Metal Corporation<br>102 Interstate Drive<br>Ridgeland, Mississippi 39218 |
| Ms. Bobbie McClain<br>P.O. Box 38<br>Terry, Mississippi 39170 | Mr. Reginald Funchess<br>P.O. Box 623<br>Terry, Mississippi 39170 |
| Ms. Angela Fields<br>1730 Rosemary Road<br>Terry, Mississippi 39170 | Alan C. Christian, Esquire<br>P.O. Box 1988<br>Mobile, Alabama 36633 |

/s/ Laura M. Conner